UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYRELL DEAN </br>     Plaintiff </br> </br> VS. </br> </br> ACBL TRANSPORTATION SERVICES, LLC </br>     Defendant | CIVIL ACTION NO: </br> </br> ADMIRALTY – Rule 9(h) |

# COMPLAINT

COMES NOW, TYRELL DEAN, hereinafter referred to as Plaintiff, complaining of ACBL TRANSPORTATION SERVICES, L.L.C. hereinafter referred to as ACBL or Defendant and for cause of action, would respectfully show as follows:

### Parties

1. Plaintiff is an individual who resides in Pearland, Brazoria County, Texas.

2. Defendant is an Indiana limited liability company conducting business in Indiana. Its counsel has agreed to accept service of process.

### Jurisdiction and Venue

3. This Court has jurisdiction pursuant to 46 U.S.C. Section 30104 (commonly known as "the Jones Act"), the constitution and the savings to suitors clause and general maritime law.

4. Plaintiff designates this case as an admiralty claim pursuant to Federal Rules of Civil Procedure 9(h). Plaintiff does not request a jury.

5. Venue is proper because the Defendant does business in this District. The parties also entered into an agreement that contains a venue selection clause that establishes venue in this District and Division.

**Factual Summary**

6. Plaintiff would show that this lawsuit has become necessary as a result of personal injuries sustained on or about January 12, 2019.

7. On that date, Plaintiff was employed by ACBL working aboard the M/V Burns Johnson Jr towboat near the Houston Ship Channel in Harris County, Texas.

8. On the date of the accident, Plaintiff was working as a leadman installing face rope into the winch when the winch was improperly turned on by the captain. The captain's mistake resulted in Plaintiff's thumb being severed.

9. The winch on the vessel was unsafe because it could only be controlled from the bridge and there was no line of sight between the bridge and the winch.

10. The operation was also unsafe because it was done while the vessel was underway, which resulted in the captain being distracted.

**Causes of Action**

**Jones Act Negligence**

11. Defendant and its agents were negligent in the following ways:

    a. Failing to provide a safe place to work;

    b. Improperly turning on the winch;

    c. Failing to communicate with Plaintiff;

    d. Doing the job while underway;

    e. The captain not paying attention;

    f. Having a winch that could only be controlled from the bridge;

    g. Failing to implement policies that would have eliminated the possibility of the accident;

    h. Failing to provide a competent crew; and

      i. Other acts deemed negligent.

12. Those negligent acts were a cause of his injury.

**Unseaworthiness**

13. Defendant's vessel was unseaworthy for the reasons stated in paragraph 11.

14. The unseaworthiness of the vessel was a proximate cause of his injury.

**Maintenance and Cure**

15. Plaintiff makes a claim for maintenance and cure.  He reserves the right to plead that maintenance and cure has been willfully withheld.

## Damages

16. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

    a. Plaintiff has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b. Plaintiff has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c. Plaintiff has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d. Plaintiff has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e. Plaintiff has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future; and

  f. Plaintiff has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future;

  g. Maintenance and cure in the past and future.

## No Demand for Jury

17. Plaintiff does not demand a jury. He has designated this matter as an admiralty claim. He chooses to try the case to the bench.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, after trial on the merits, he have judgment against Defendant, for the following:

- a sum in excess of the minimum jurisdictional limits of this Honorable Court;
- pre-judgment interest thereon at the maximum legal rate;
- post-judgment interest thereon at the maximum legal rate;
- costs of Court; and,
- any and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

        GREENE & SCHULTZ

        By: /s/ Betsy K. Greene
           Betsy K. Greene, #8259-55
           Attorney for Plaintiff

GREENE & SCHUTLZ
520 N. Walnut Street
Bloomington, IN 47404
T: (812) 336-4357
F: (812) 336-5615